

**NUMBER 13-07-243-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DERRICK D. HAMPTON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the Criminal District Court
of Jefferson County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Appellant, Derrick D. Hampton, appeals from the trial court's judgment ordering him to pay $550 in court costs and $4,630 in "Administrative Financial Obligations." We affirm the judgment as modified.

**BACKGROUND**

On October 2, 2006, appellant was adjudicated guilty of forgery.[1]  The trial court assessed punishment at two years' imprisonment, probated for four years, and a $750 fine. On March 2, 2007, the trial court revoked appellant's probation, and soon after rendered a judgment nunc pro tunc, which clarified the court costs and "Administrative Financial Obligations" referred to above.  Through nine issues on appeal, appellant argues that the fees imposed cannot stand.

## DISCUSSION

The record in this case contains a "Balance Sheet," which demonstrates how the trial court arrived at $4,630 in Administrative Financial Obligations.  The Balance Sheet reveals that the administrative fees represent the total cost of six fees imposed on appellant.  Among these six fees is an "Attorney Fee" for $600 and a "Supervision Fee" for $2,880.

In his first issue, appellant argues that the trial court abused its discretion in imposing a $2,880 supervision fee.  Article 42.12 of the code of criminal procedure states the following:  "[A] judge granting community supervision shall fix a fee of not less than $25 and not more than $60 per month to be paid during the period of community supervision by the defendant to the court of original jurisdiction . . . ."[2]  In the instant case, appellant was ordered to pay $60 per month while on probation.  Prior to his revocation, appellant was to be on probation for four years; at $60 per month, appellant would have paid $2,800 in fees over the course of those four years.  Accordingly, it is clear that the trial court's

---

[1] TEX. PENAL CODE ANN. § 32.21 (Vernon Supp. 2008)

[2] TEX. CODE CRIM. PROC. art. 42.12 § 19 (Vernon Supp. 2008).

2

judgment charges appellant for the combined fees he would have owed had he remained on community supervision for the full four years.

The State admits it "can find no authority under which the trial court may charge Appellant with fees for services which would have been rendered to him had his probation not been revoked." The State asserts that the supervision fee should be set at $300, which accounts for the five months that transpired between the date appellant was placed on probation and the date probation was revoked (October 2, 2006 to March 2, 2007). The State's position finds support in article 42.12, which states: "The judge shall enter the amount of restitution or reparation owed by the defendant *on the date of revocation* in the judgment in the case."[3]

Appellant, however, argues that the amount should be less than $300. Appellant points out that the record shows he was not released from the State's custody until October 4, 2006, even though the trial court pronounced his probation two days earlier. Moreover, he points out that the record shows he returned to the State's custody on December 15, 2006, where he remained until his probation was revoked on March 2, 2007. Appellant thus asserts that his supervision fee should reflect the amount owed from October 4 to December 15, 2006—the total period of time in which he was not in the State's custody. Appellant supports his position through article 103.002 of the code of criminal procedure, which states: "An officer may not impose a cost for a service not performed . . . ."[4] We agree with appellant, and find that the trial court abused its discretion by imposing a

---

[3] *Id.* § 23 (emphasis added).

[4] *Id.* art. 103.002 (Vernon 2006).

supervision fee in excess of the amount owed for a period of community supervision lasting from October 4 to December 15, 2006. Appellant's first issue is sustained.

In his eighth issue, appellant argues that the trial court abused its discretion by imposing a $600 attorney fee because he is indigent and there is no evidence in the record demonstrating his ability to pay. Under article 26.05(g) of the Texas Code of Criminal Procedure, the trial court has authority to order reimbursement of appointed attorney fees if the court determines that a defendant has financial resources that enable him to offset, in part or in whole, the costs of the legal services provided.[5] However, the record before us does not contain any such determination or finding by the trial court that appellant had any financial resources or was "able to pay" the appointed attorney fees. Without evidence to demonstrate appellant's financial resources to offset the costs of the legal services, the trial court erred in ordering reimbursement of appointed attorney fees.[6] Appellant's eighth issue is sustained.

To the extent that any of appellant's seven remaining issues request more relief than the above findings provide, we overrule those issues. We find nothing problematic with the other fees imposed by the judgment. The trial court did not need to pronounce those fees as part of appellant's sentence because they are not punishment; rather, the fees are either authorized by statute or constitute a court cost.[7] We also find nothing problematic with the trial court's judgment nunc pro tunc, and thus decline to question the

---

[5] *See id*. art. 26.05(g) (Vernon Supp. 2008).

[6] *See id*.; *see Mayer v. State*, No. 07-07-0363-CR, 2008 Tex. App. LEXIS 9351, *8-9 (Tex. App.–Amarillo Dec. 16, 2008, no pet.).

[7] *See generally Revia v. State*, No. 09-07-068-CR, 2007 Tex. App. LEXIS 6965, *5-6 (Tex. App.–Beaumont Aug. 5, 2007, no pet.) (discussing the same or similar fees as those found in this case).

4

validity of the remaining fees on this basis.

## CONCLUSION

Appellant was on community supervision for approximately two months and ten days. We calculate appellant's total supervision fee for this time at $140.[8] This amount is $2,740 less than the supervision fee imposed by the trial court. When we subtract this difference from the $4,630 in Administrative Financial Obligations, we arrive at a total of $1,890. When we subtract from this total the $600 in appointed attorney fees that were improperly imposed, we get a total of $1,290 in Administrative Financial Obligations.

We thus modify the trial court's judgment to reflect an Administrative Financial Obligation of $1,290.[9] The judgment is affirmed as modified.

LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 26th day of February, 2009.

---

[8] We have assessed a $60 fee for each of the two months, and a $20 fee for the time remaining (approximately ten days). From these assessments, we calculated the total supervision fee at $140.

[9] *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.–Dallas 1991, pet. ref'd).